By the Court.—Sedgwick, J.
So far as this appeal seeks to review the interlocutory judgment—for it *447 is a judgment (§ 267), and notan order (§ 400)—it is controlled by § 268. The only relief in such case is a motion for a new trial, and that must be made upon a case or exceptions, settled and filed. There is a necessity that in reviewing an adjudication the appellate ■court should have before it, in an authenticated form, the matters upon which the court below acted. At any rate, such is the law. The Code has made no provision for an appeal, as such, from an interlocutory judgment. It must be from the final judgment.
And so far as the appeal is concerned, which is from the order denying the motion of defendant “to vacate and set aside the order or decree entered in this action,” “and that the cause may be restored to the calendar for trial,” that motion was not made upon any alleged irregularity or surprise (Rule 41). It, in fact, related to the merits of the action, and was an attempted appeal from the judgment, except, perhaps, so far as it involved a position of defendant, that in fact there was no trial of the issues. On this question ■of fact there were affidavits for the defendant which at the most showed there was no trial; but opposed to them were affidavits for the plaintiff which showed there was a trial. There were the findings and conclusions of the judge, which recited that the issues were brought on for trial before him, and there were the exceptions taken by the defendant himself, in the form appropriate to a decision made upon a trial. On the facts, it was clear that the judge who tried the case and who heard the motion was right in decreeing that there was a ■ trial, and that the only remedy of the defendant to correct any error was by appeal from final judgment on a motion for a new trial, under §268.
There was a motion made by the respondent’s counsel, before the argument on these appeals began, that the appeal from the judgment should be dis *448 missed. This motion should be affirmed, with costs of ten dollars.
The order appealed from should be affirmed, with ten dollars costs, and disbursements to be taxed.
Curtis, J., concurred.